# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-12-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| KEVIN GERARD MITCHELL, | |
| Defendant. | |

## I.  Synopsis

Defendant Kevin Gerard Mitchell (Mitchell) has been accused of violating the conditions of his supervised release.  Mitchell's supervised release should be revoked.  Mitchell should be placed in custody for 4 months, with 50 months of supervised release to follow.

## II.  Status

Mitchell pleaded guilty to Aggravated Sexual Abuse on March 14, 2007. (Doc. 18).  The Court sentenced Mitchell to 151 months of custody, followed by 5 years of supervised release.  (Doc. 26).  Mitchell's current term of supervised release began on August 17, 2018.  (Doc. 42 at 1).

**Petition**

The United States Probation Office filed a Petition on October 10, 2018, requesting that the Court revoke Mitchell's supervised release.  (Doc. 42).  The Petition alleges that Mitchell violated the conditions of his supervised release:     1) by failing to report for substance abuse treatment; 2) by failing to report for substance abuse testing; 3) by consuming alcohol; and 4) by failing to report for sex offender treatment.  (Doc. 42 at 2).  United States District Judge Brian Morris issued a warrant for Mitchell's arrest on October 10, 2018.  (Doc. 43).

**Initial appearance**

Mitchell appeared before the undersigned for his initial appearance on October 23, 2018.  (Doc. 44).  Mitchell was represented by counsel.  Mitchell stated that he had read the petition and that he understood the allegations.  Mitchell waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 27, 2018.  The government met its burden of proof with respect to all of the alleged violations. The violations are serious and warrant revocation of Mitchell's supervised release.

Mitchell's violation is a Grade C violation.  Mitchell's criminal history category is II.  Mitchell's underlying offense is a Class A felony.  Mitchell could

be incarcerated for up to 60 months.  He could be ordered to remain on supervised release for up to 56 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

Mitchell requested a term of custody of time served.  The government requested a guideline sentence.

### III.   Analysis

Mitchell's supervised release should be revoked.  Mitchell should be incarcerated for 4 months, with 50 months of supervised release to follow.  The supervised release conditions imposed previously should be continued.  This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Mitchell that the above sentence would be recommended to Judge Morris.  The Court also informed Mitchell of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Mitchell that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Kevin Gerard Mitchell violated the conditions of his supervised release by failing to report for substance abuse treatment, by failing to report for substance abuse testing, by consuming alcohol, and by failing to report for sex offender treatment.

The Court **RECOMMENDS:**

That the District Court revoke Mitchell's supervised release and commit Mitchell to the custody of the United States Bureau of Prisons for a term of imprisonment of 4 months, with 50 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 28th day of November, 2018.

John Johnston
United States Magistrate Judge